IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01004-CMA-MJW

NORMAN ROBERTS,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR EXTENSION OF TIME**
_____

This matter is before the Court on Defendant United States Postal Service's Motion to Dismiss (Doc. #17) and Plaintiff Norman Roberts's Motion for Extension of Time (Doc. #25). For the reasons discussed below, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Extension of Time is denied.

**I.      BACKGROUND**

On May 3, 2010, Plaintiff brought this tort action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680. Plaintiff's tort claims arise from an accident that occurred on September 8, 2008, at the United States Postal Service branch in Alamosa, Colorado, in which a third party drove her car through a glass wall of the post office and ran over Defendant, who was standing in the post office lobby. Plaintiff asserts claims for negligence and premises liability against Defendant due to its alleged failure to properly design the curb, roadway or sidewalk in

front of the post office branch or otherwise establish barriers to prevent a vehicle from entering the post office lobby. (Doc. #1 at 3-4).

On August 4, 2010, Defendant filed the instant Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. #17). Plaintiff responded on August 17, 2010 (Doc. #20) and Defendant replied on September 1, 2010 (Doc. #28).

On August 23, 2010, Plaintiff filed the instant Motion for Extension of Time (Doc. #25). Defendant responded on September 1, 2010 (Doc. #29), and Plaintiff replied on September 8, 2010 (Doc. #30).

## II.     ANALYSIS

"[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (internal citations omitted). A Rule 12(b)(1) dismissal is not a judgment on the merits, but a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). The party asserting jurisdiction bears the burden of establishing the existence of subject

matter jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### A. <u>Jurisdictional Nature of the FTCA's Timeliness Requirement</u>

"Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Waivers of sovereign immunity cannot be implied; they must be express and unequivocal. *Lane v. Pena*, 518 U.S. 187, 192 (1996). Without a clear waiver of sovereign immunity, a court has no jurisdiction over a claim against the United States, its agencies, or its officers. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Through the FTCA, the United States waives its immunity to suits for money damages, injury or loss of property, or personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, unless a tort claim against the United States "is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," the tort claim "shall be forever barred[.]" 28 U.S.C. § 2401(b). Consequently, "if a litigant does not satisfy the timing

requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003).

### B.     Defendant's Motion to Dismiss

As evidenced by documents attached in support of Defendant's Motion to Dismiss, Plaintiff presented an administrative claim to Defendant, pursuant to the FTCA, on April 9, 2009. (Doc. #17-1, ¶ 4). On September 3, 2009, Defendant sent a denial letter to Plaintiff's attorney via certified mail. (*Id.* at 5-7, ¶ 7). According to the certified mail receipt, Plaintiff's attorney received the denial letter on September 8, 2009. (*Id.* at 7, ¶ 8; see *also* Doc. #1-1). The denial letter informed Plaintiff of his appeal rights, including the right to request reconsideration of the claim or to file suit within six months of the mailing date of the denial letter. (Doc. #17-1 at 5-6, ¶ 7; Doc. #1-1). The six month-period expired on March 3, 2010, during which period Defendant did not receive a request for reconsideration of the claim and Plaintiff did not file a lawsuit. (Doc. #17-1, ¶¶ 14-15).

On April 30, 2010, more than six months after the denial letter was mailed, Defendant received a letter dated April 30, 2010 ("April 30 Letter"), from Plaintiff's attorney via facsimile. (Doc. ##1-3, 17-1 at 8, ¶ 9). In the April 30 Letter, Plaintiff's counsel claimed that he sent a request for reconsideration on March 1, 2010 ("March 1 Request for Reconsideration"), which request was attached to the April 30 Letter. (Doc. ##1-3; 17-1 at 9). However, April 30 was the first time that Defendant had seen the

March 1 Request for Reconsideration. (Doc. #17-1, ¶ 10).[1] On May 3, 2010, in response to the April 30 Letter, Defendant issued a letter denying Plaintiff's request for reconsideration on grounds that it was untimely. (Doc. #17-1, ¶ 14; Doc. #17-1 at 10). Also on May 3, Plaintiff filed the instant Complaint. (Doc. #1).

In opposition to Defendant's Motion to Dismiss, Plaintiff's attorney asserts that, "[a]s an officer of the Court, undersigned counsel certified under oath that the March 1, 2010 letter was sent to [Defendant] on March 1, 2010 by ordinary U.S. Mail postage prepaid." (Doc. #20, ¶ 3).

Having reviewed the record and the applicable case law, the Court finds that it lacks subject matter jurisdiction over this action and, therefore, dismissal is warranted. As noted above, Plaintiff, the party asserting jurisdiction, bears the burden of establishing the existence of subject matter jurisdiction. However, Plaintiff readily acknowledges that he "cannot prove" that Defendant received the March 1 Request for Reconsideration. (Doc. #20 at 2). Because Plaintiff is unable to prove Defendant's receipt of the March 1 Request for Reconsideration, Plaintiff has not met his burden of establishing the existence of subject matter jurisdiction. Had Plaintiff acted prudently and sent the March 1 Request for Reconsideration by certified or registered mail, he would have been able to meet his burden. However, despite the FTCA's strict requirements, Plaintiff does not appear to have acted prudently. Further, as previously

---

[1] Although the March 1 Request for Reconsideration and April 30 Letter listed the wrong zip code for Defendant, the April 30 Letter was successfully delivered to Defendant. (Doc. #17-1, ¶ 12; see Doc. #1-3).

5

noted, the FTCA and Tenth Circuit precedents clearly dictate that a tort claim shall forever be barred if an action is not commenced within six months after the notice of denial's mailing date.  In this case, not only is Plaintiff unable to prove that he timely filed a request for reconsideration, undisputable evidence exists that Plaintiff waited nearly <u>two months</u> to inquire into the status of the March 1 Request for Reconsideration or to file a lawsuit.

As a result of Plaintiff's failure to meet the FTCA's jurictional timing requirements, this Court does not have subject matter jurisdiction.  Accordingly, Defendant's Motion to Dismiss is granted.

### C.   Plaintiff's Motion for Extension of Time

In his Motion for Extension of Time, Plaintiff asks the Court, pursuant to Fed. R. Civ. P. 6(b)(1),[2] "to grant Plaintiff an extension of time, *nunc pro tunc*, from March 9, 2010 (when the request for reconsideration was due based on the receipt date of the denial of September 8, 2009) to April 30, 2010 (when it was admittedly received by [Defendant] as attached to the follow-up letter)."  (Doc. #25 at 4).  Plaintiff asserts that "[g]ranting such relief would allow the late receipt of Plaintiff's request for reconsideration[.]"  (*Id.*)

Because this Court lacks subject matter jurisdiction over this action, this Court does not have the authority to grant Plaintiff the requested relief, namely a retroactive

---

[2] "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  FED. R. CIV. P. 6(b)(1).

extension of time. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation and citation omitted). Accordingly, Plaintiff's Motion for Extension of Time is denied.

## III.   CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. Defendant United States Postal Service's Motion to Dismiss (Doc. #17) is GRANTED; and

2. Plaintiff Norman Roberts's Motion for Extension of Time (Doc. #25) is DENIED.

DATED: December 21, 2010.

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge